UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JAY STONE, | Case No.: 1:26-cv-01368-CDB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| PATRICK EATON, *et al.*, | (Doc. 8) |
| Defendants. | **21-DAY DEADLINE** |

Plaintiff Adam Jay Stone ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983. Defendants have not been served or otherwise appeared in this action.

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint, filed on April 6, 2026. (Doc. 8). Plaintiff seeks to amend his complaint to sue Defendants in both their individual and official capacities and has attached only the section to be amended to the filing. *See id.* at 1, 2-3.

**Governing Authority**

Leave to amend a pleading "is entrusted to the sound discretion of the trial court," *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996), and "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on

the pleadings or technicalities…. Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

**Discussion**

Plaintiff's original complaint has not yet been screened by the Court. *See* 28 U.S.C. § 1915A(a). Following review of Plaintiff's motion, the Court finds granting leave to amend would not prejudice the opposing parties. *AmerisourceBergen Corp.*, 465 F.3d at 951. The Court also finds that leave is not sought in bad faith nor would it produce an undue delay in this litigation. *Id.* Finally, the Court cannot find, at least at this point, that granting leave to amend would be futile. *Id.*

However, Plaintiff is advised that his motion does *not* operate to amend or supplement his original complaint. Rather, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Because Plaintiff's filing proposes only a portion of his complaint to be amended rather than a proposed amended complaint that is "complete in itself without reference to the prior or superseded pleading," he will be directed to file a compliant amended complaint as set forth below.

Additionally, although the Court has not yet screened Plaintiff's complaint, because Plaintiff seeks to amend to sue Defendants in both their individual and official capacities, the Court summarizes the following relevant authority to advise Plaintiff that the Eleventh Amendment bars suits for damages against state officials in their official capacities.

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens, as well as by citizens of other states. *See Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). This prohibition extends to suits against states and state agencies. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam);

2

*Taylor*, 880 F.2d at 1045.  A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  The State of California has not waived its Eleventh Amendment immunity for federal claims under section 1983.  *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).  Therefore, insofar as Plaintiff seeks to amend his complaint to sue a state agency, that state entity is immune from suit.

Eleventh Amendment immunity extends to a state official sued in federal court in his official capacity.  To the extent Plaintiff is seeking damages, the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity.  *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, it does not bar a suit for damages against state officials in their personal capacities.  *Hafer v. Melo*, 502 U.S. 21, 30 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).  Therefore, to the extent Plaintiff seeks to amend his complaint to sue state official defendants in their official capacities for damages, those defendants are immune from suit for damages.

A claim for prospective injunctive relief against a state official in his or her official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 92 (1989).  Moreover, "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation." *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (citing *Hafer*, 502 U.S. at 25; *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

Accordingly, upon review of Plaintiff's motion to amend, the undersigned finds good cause to grant the motion.  *See* Local Rule 137(c).  Plaintiff will be directed to file a first amended complaint as set forth below.  The Court will screen Plaintiff's operative pleading, whether the original complaint or an amended complaint, in due course.

**Conclusion and Order**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1.  Plaintiff's Motion for leave to amend and file a first amended complaint (Doc. 8) is GRANTED;

2.  Plaintiff SHALL FILE any first amended complaint **within 21 days** from the date of service of this order.  If Plaintiff wishes to stand on his original complaint (Doc. 1), he is DIRECTED to file a notice of his intent to stand on his original complaint for screening by that same deadline; and

3.  The Court shall proceed with screening Plaintiff's operative complaint in due course.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4